IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WESCO INSURANCE COMPANY                                                PLAINTIFF

vs.                                                   CIVIL ACTION No.: 3:20-CV-422-HTW-LGI

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY;
HOUSTON SPECIALTY INSURANCE
COMPANY; B&G WOOD, INC.; B&G
TRANSPORT, INC.; JEFFERY PRUITT;
SERA WRAGG; and JEROME RASH                                          DEFENDANTS

## ORDER

BEFORE THIS COURT is a Motion to Dismiss, filed by defendant State Auto Property and Casualty Insurance Company **[Docket no. 19]**. Said motion argues that this court does not possess subject matter jurisdiction because plaintiff Wesco Insurance Company lacks standing to bring this declaratory judgment action. Plaintiff Wesco Insurance Company opposes the motion, as does defendant Houston Specialty Insurance Company.

On or about January 2, 2019, defendant Jeffery Pruitt (hereinafter referred to as "Pruitt") had a vehicular accident and, at the time, was in a 2015 Dodge Ram truck while travelling on Highway 15 near Philadelphia, Mississippi. Pruitt was driving the vehicle during the course and scope of his employment with defendant B&G Transport, Inc. (hereinafter referred to as "BGT"). Pruitt collided with another vehicle driven by defendant Jerome Rash (hereinafter referred to as "Rash"). Defendant Sera Wragg (hereinafter referred to as "Wragg") was a passenger in Rash's vehicle at the time of the collision.

The Dodge Ram driven by Pruitt was titled to defendant B&G Wood, Inc. (hereinafter referred to as "BGW"). Allegedly, after the collision, BGW's owner, Donald Grantham

1

(hereinafter referred to as "Grantham"), claimed that the Dodge Ram had been titled in the wrong name and that he would re-title it into his own name.

As a result of the collision, both Rash and Wragg filed bodily injury claims, against BGW and Pruitt in the Circuit Court of Lowndes County, Mississippi.

Prior to the accident, Defendant Houston Specialty Insurance Company (hereinafter referred to as "HSIC") had issued to BGT a commercial auto policy naming Pruitt as a named insured. Plaintiff Wesco Insurance Company (hereinafter referred to as "Wesco") had issued to BGW a commercial auto policy for all automobiles BGW owned. State Auto had issued to Grantham a personal auto policy which provided coverage for the Dodge Ram.

Wesco filed the instant declaratory judgment action seeking the court's guidance about which insurance company should provide primary coverage, which should provide excess coverage, and which should not be required to provide coverage.

I.  ARGUMENT

   a. *Motion to Dismiss Standard of Review*

Before this federal court may exercise its subject matter jurisdiction over a cause of action, it must determine whether the plaintiff has standing to maintain its claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 (1992); *Handshoe v. Perret*, 270 F. Supp. 3d 915, 926 (S.D. Miss. 2017). A plaintiff invoking federal subject matter jurisdiction bears the burden of demonstrating that it has standing to seek relief on the causes of action asserted.

A motion to dismiss under F.R.C.P. 12(b)(6) tests the "formal sufficiency of the statement of the claim for relief" under the facts as pled and does not resolve factual disputes or the merits of a party's claims. *Clifton v. Nationwide Gen. Ins. Co.*, No. 2:09CV130-KS-MTP, 2010 U.S. Dist. LEXIS 44740, at *3-4 (S.D. Miss. May 7, 2010)(citing Wright & Miller, Federal Practice and

Procedure: Civil 3d § 1356 (2004)). A plaintiff's complaint is appropriately dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*. (citing *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)).

This court must determine whether dismissal of plaintiff's complaint is appropriate based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. If the facts as pled by the plaintiff in its complaint demonstrate the plaintiff does not have standing to pursue its claims, this court must dismiss that plaintiff's complaint. *Lujan* at 571.

This court must dismiss plaintiff's complaint under Rule 12(b)(6) when the allegations on the face of the complaint demonstrate the plaintiff is barred from seeking the relief sought therein as a matter of law. *See Crum v. Mississippi Mun. Serv. Co.*, 1998 U.S. Dist. LEXIS 6916, *3 (N.D. Miss. March 27, 1998).

    b. *Standing*

Standing to bring a lawsuit is an unwavering constitutional requirement for federal courts. Article III §2 of the United States Constitution provides:

> Section 2. The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2, cl. 1. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan* at 560. In *Lujan*, the United States Supreme Court established the elements required for the plaintiff to establish it possesses standing:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'". Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan* at 560–61 (citations omitted).

The Article III standing requirement can be satisfied under the Declaratory Judgment Act "by establishing 'actual present harm or a significant possibility of future harm.'" R*oark & Hardee LP v. City of Austin*, 522 F.3rd 533, 542 (5th Cir. 2008) (citing *Bauer v. Texas*, 341 F.3rd 352).

In the lawsuit at bar, the parties are disputing which insurance carrier is potentially liable, which is the primary carrier, and which insurance carrier is excluded from defending the underlying lawsuit. This court finds that the parties' rights and responsibilities, regardless of whether a judgment has been entered finding for Rash in the underlying personal injury lawsuit, must be determined to prevent an "actual present harm or [the] significant possibility of future harm." Accordingly, this court finds that plaintiff possesses standing under Article III of the United States Constitution and the Declaratory Judgment Act.

   c. *M.C.R.P. 57(b)*

State Auto argues that the law of the State of Mississippi bars any direct action by a third party against a tortfeasor's insurer. For authority, State Auto cites Rule 57(b) of the Mississippi

4

Rules of Civil Procedure, saying that the rule carves out a limited exception allowing the injured party to file a declaratory judgment action against the tortfeasor's insurer regarding coverage.

Rule 57(b)(2) of the Mississippi Rules of Civil Procedure provides:

> (b) When Available. […]
>     (2) A contract may be construed either before or after there has been a breach thereof. Where an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment construing the contract to cover the claim.

M.R.C.P. 57.

Wesco replies that it is seeking a determination as to which of the three (3) potentially available insurance policies should provide primary coverage and is, therefore, obligated to defend any lawsuits against the insured.

Wesco agrees with State Auto that Rule 57 and Mississippi jurisprudence do not allow a declaratory judgment action unless the liability carrier has already denied coverage. Wesco, however, campaigns:

> The state court procedural rules do not apply to this case pending in federal court. The federal courts apply federal procedural rules in diversity cases. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Federal law, not state law, determines issues of ripeness, standing and whether declaratory relief is proper. *See Ironshore Specialty Ins. Co. v. Tractor Supply Co*., 624 Fed. Appx. 159, 162 (5th.Cir. 2015) (district court follows "three-step inquiry" in declaratory judgment action[:] is action justiciable, does court have authority and whether to exercise discretion to decide it)

[Docket no. 26, P. 3].

This court agrees with Wesco that the *Erie* doctrine compels it to apply Rule 57 of the Federal Rules of Civil Procedure which states:

> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

5

Fed. R. Civ. P. 57.

Title 28 U.S.C. § 2201 further provides this court with guidance:

(a) In a case of actual controversy within its jurisdiction, […] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201 (West).

This court finds that M.R.C.P. 57 does not bar a declaratory judgment action in this federal forum, which must comply with the procedural law of the federal courts. Accordingly, this court must deny State Auto's motion to dismiss.

This court further finds State Auto's argument regarding any possible privity of contract to be irrelevant. As State Auto acknowledges, plaintiff herein did not allege a breach of contract claim and is not seeking a determination of whether State Auto breached its contract with Grantham.

This court finally is not persuaded by State Auto's argument that:

Before a party may seek a determination as to an insurer's obligations under an insurance contract, that party must establish they (*sic*) are an interested party and were (*sic*) in privity of contract with the insurer when the insurance policy was issued. [Citing *Aladdin Constr. Co. v. John Hancock Life Ins. Co*., 914 So. 2d 169, 179 (Miss. 2005)].

[Docket no. 20, P. 7]. *Aladdin* is distinguishable; it does not present the same scenario that the parties are disputing herein. In *Aladdin*, the parties were contesting the relative rights of the parties concerning an alleged breach of contract between a general contractor and the project funder. The *Aladdin* parties were secondarily debating whether the sub-contractors were allowed to file suit on the alleged breach of contract between the general contractor and the project funder. This court is persuaded that *Alladin* does not provide guidance nor precedence for the lawsuit *sub judice*.

6

II.  **CONCLUSION**

This court finds that Rule 57 of the Mississippi Rules of Civil Procedure does not deny plaintiff standing in this federal declaratory judgment lawsuit. This court further finds that plaintiff has standing to maintain its lawsuit to determine the priority of insurance in the underlying lawsuit.

**IT IS, THEREFORE, ORDERED that defendant State Auto's Motion to Dismiss [Docket no. 19] is hereby DENIED.**

**IT IS FURTHER ORDERED that the following motions are rendered MOOT by the entry of this order: State Auto's Motion to Stay Proceedings [Docket no. 34]; and Wesco's Motion to Lift Stay [Docket no. 43].**

**SO ORDERED this the 31st day of August, 2021.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**